UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAY AREA DRAINAGE, INC, et al., <br><br> Defendants. | Case No. 24-cv-06745-HSG <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY** <br><br> Re: Dkt. No. 27 |

Pending before the Court is a motion to stay filed by Defendant Bay Area Drainage Inc. ("BADI"). Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I. BACKGROUND

This insurance dispute arises out of an underlying construction defect case in Contra Costa County Superior Court, *Darabi v. Eaglelift, Inc.*, Case No. C24-00970 ("State Action"). *See* Dkt. No. 6 ("FAC") at ¶¶ 9–10. In the State Action, Pari Darabi alleges that she hired third-party EagleLIFT, Inc. to repair the foundation of her residence and hired BADI to install a drainage system there. *See* Dkt. No. 1, Ex. A at 8 (¶¶ 9–10). Ms. Darabi alleges that after the foundation work was done and the drainage system was installed, she noticed "cracking of the foundation, cracking in both the interior and exterior walls and ceiling . . . areas of floor separation, and the flooring becoming out of level." *Id.* Ms. Darabi alleges that both BADI and EagleLIFT caused the damage to her residence, and filed claims against them for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence. *Id.*, Ex. A at 11–16 (¶¶ 23–58).

BADI is insured by Plaintiff Associated Industries Insurance Company, Inc. ("AIIC")

under multiple commercial general liability policies.  FAC ¶ 6.  The policies provide coverage for property damage with some exceptions, including as relevant here, the "subsidence exclusion." *Id*. ¶¶ 7–8.  AIIC alleges that the policies limit coverage for:

> "Bodily injury," "property damage," or "personal and advertising injury," including but not limited to disease or illness, including death, loss of, damage to, or loss of property, directly or indirectly arising out of, caused by, resulting from, contributed to or aggravated by the subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting, bulging, cracking, shrinking, or expansion of foundations, walls, roofs, floors, ceilings, or any other movements of land or earth, regardless of whether the foregoing emanates from, or is attributable to, any operations performed by or on behalf of any insured.

*Id*. ¶ 8.

AIIC alleges that it has provided a defense to BADI in the State Action subject to a full and complete reservation of rights.  *Id*. ¶ 10.  However, AIIC argues that the allegations in the State Action fall under exceptions in the policies, including the "subsidence exclusion" above.  *Id*. ¶¶ 9, 12, 17.  Accordingly, AIIC filed this case against BADI and Ms. Darabi for (1) a declaration that it does not have a duty to defend or a duty to indemnify BADI and (2) for restitution for the amounts already paid to defend BADI.  *See id.* ¶¶ 11–24.  BADI, in turn, filed a cross-complaint against AIIC for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.  Dkt. No. 16.  In part, BADI contends that AIIC's reservation of rights and current lawsuit create a conflict with defense counsel, and seeks a declaration that it is entitled to independent counsel in the State Action.  *See id.* ¶¶ 16–17, 34–36.

BADI now moves to stay all claims and cross-claims in this case, except for BADI's claim that it is entitled to independent counsel, pending resolution of the State Action.  Dkt. No. 27 at 5.[1]

**II.   DISCUSSION**

BADI moves for a partial stay of this case pursuant to the Court's inherent powers to stay proceedings under *Landis v. North American Co.*, 299 U.S. 248 (1936).  Dkt. No. 27 at 5–6.  To

---

[1] For ease of reference, the Court refers to the PDF pages rather than a document's internal pagination unless otherwise noted.

consider whether a stay is warranted under *Landis*, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

However, the Ninth Circuit has indicated that the *Landis* factors do not apply to cases involving concurrent state and federal actions. *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842–43 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024). In *Ernest Bock*, the Court explained that "[a] district court may, in its discretion, stay or dismiss a federal case in favor of related state proceedings in only two circumstances: (1) when an action seeks only declaratory relief [under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)], or (2) when exceptional circumstances exist" under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Id.* at 842 (quotation omitted). In *Ernest Bock*, the Ninth Circuit reversed a district court's stay under *Colorado River*. *See id.* at 832, 835–42. The court further held that, where the *Colorado River* factors do not support a stay, a court may not issue a stay under *Landis* in the alternative. *See id.* at 842–43.

Here, BADI does not address the *Brillhart* or the *Colorado River* factors at all. *See generally* Dkt. No. 27. It is also not clear how BADI could meet either test under these circumstances. Because AIIC seeks restitution in addition to declaratory relief, the *Brillhart* factors likely do not apply. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113–14 (9th Cir. 2001) (finding that under California law a request for reimbursement of defense costs was independent of request for declaratory relief). A stay then would only be warranted if "exceptional circumstances" exist under the *Colorado River* factors. *See Ernest Bock*, 76 F.4th at 842. But the final *Colorado River* factor is "whether the state court proceedings will resolve all issues before the federal court." *See id.* at 836 (quotation omitted). The Ninth Circuit has held that if there is "'any substantial doubt'" whether the state court case would resolve all issues before the federal court "'it would be a serious abuse of discretion'" to grant a stay under

3

*Colorado River*. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 970 (9th Cir. 1993) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). And here, the State Action would not resolve the insurance coverage questions at issue in this case, including whether AIIC has a duty to defend or indemnify BADI and whether BADI is entitled to independent counsel.

In any event, even if the *Landis* factors did apply here, the Court would still decline to exercise its discretion to stay this matter. BADI notably seeks only a partial stay, and still requests that the Court determine whether it is entitled to independent counsel in the State Action. *See* Dkt. No. 27 at 5. But the alleged conflict giving rise to BADI's right to independent counsel is intertwined with the question of whether AIIC has a duty to defend or duty to indemnify BADI in the State Action. It is thus not clear how a stay would simplify the case or promote judicial efficiency. *See id.*

### III. CONCLUSION

Accordingly, the Court **DENIES** BADI's motion to stay. Dkt. No. 27. The Court further **SETS** a case management conference on August 19, 2025, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The Court **DIRECTS** the parties to submit a revised joint case management statement by August 12, 2025. The parties should be prepared to discuss how to move this case forward expeditiously.

**IT IS SO ORDERED.**

Dated: 7/30/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

4